IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION
PETITION FOR A WRIT OF HABEAS CORPUS BY
A PERSON IN STATE CUSTODY



UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

JAN 2 5 1999  BC

MICHAEL N. MILBY, CLERK OF COURT

CLYDE EUGENE SOPHUS
Petitioner ID #444590
    VS.
GARY JOHNSON
Respondent, Director of
T.D.C.J. Institutional Division
and the Attorney General
DAN MORALES, Additional Respondent,
THE STATE OF TEXAS.

PLACE OF CONFINEMENT:
Texas Department of Criminal
Justice - Institutional Division
C/O 80 John Wallace Unit
P.O. Box 2000
Colorado City, TX 79512

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes CLYDE EUGENE SOPHUS, herein referred to as Petitioner, Pro Se. files this his Writ of Habeas Corpus Pursuant to 28 U.S.C. 2241 & 2254,

## PETITION

1. Name and location of court which entered the judgement of conviction under attack: 12th Judicial District Court of Madison County, Texas.
2. Date of Judgement of Conviction; Possession of a Deadly Weapon in Penal Institution / Nov. 22, 1989
3. Length of Sentence: 4 year consecutive to another sentence.
4. Nature of offense involved (all counts): Possession of a Deadly Weapon in Penal Institution / Aggravated Robbery
5. What was your plea? Guilty
6. Kind of trial: Judge only
7. Did you testify at the trial? No.
8. Did you appeal from the judgment of conviction? No.
9. Petitioner, Clyde E. Sophus does not challenge his conviction; instead, he challenges his denial of A.B.C. credits, Program in academic, Vocational Education, and On the Job Training program in T.D.C.J. Institutional Division after completed, and denial of sentence begin date in cause #8555.
10. Other than a direct appeal from the judgement of conviction and sentence, have you previously filed any petitions, applications or motion with respect to this judgement in any court, State or Federal? Yes.
11. If your answer to 10 was "yes", give the following information: Name of Court; 12th Judicial District Court of Madison County, Texas.

Nature of proceeding: Application for the Writ of Habeas Corpus Pursuant to Tex. Code. Crim. Proc. Ann. Art. 11.07.

Did you receive an evidentiary hearing on your petition, application or motion? Yes.

Date of Result: December 16, 1998

As to any second petition, application or motion, give the same information: N/A

/

SOPHUS, CLYDE EUGENE, Petitioner ID #444590                              Page 2

Did you appeal to the highest State court having jurisdiction, the result of action taken on any petition, application or motion?  Yes, granted in part.

First petition, Yes, application for the Writ of Habeas Corpus 11.07

Grounds Raised:

1. Denial of Detainer Time Credits.
2. Denial of A.B.C. Credits, Program in Academic, Vocational Education, and On the Job Training Program in T.D.C. after completed credits.
3. Denial of Sentence begin date on Consecutive 4 year sentence.

Same grounds raised in State Writ of Habeas Corpus 11.07.

Ground one:   Denial of Detainer Time Credits Court of Criminal Appeals granted relief; 12-16-1998.

Ground two:   Denial of A.B.C. Credits, Program in Academic, Vocational Education, and On the Job Training Program in T.D.C., Texas Department of Correction.

Supporting Facts:  Petitioner Clyde Eugene Sophus, T.D.C. #444590, was convicted of Aggravated Robbery in the 262nd District Court of Harris County, TX., in cause number #463354 on the 5th day of February, 1987 with a committed offense date November 13th, 1986, 30 year term in T.D.C.

Sophus was convicted in the 12th Judicial District Court of Madison County, Texas for the Offense of Possession of a Weapon in a Penal Institution on the 22nd day of November 1989 and sentenced to a 4 year term to run consecutive to cause number #463354 received on the 5th day of February 1987 Harris County, TX. 30 year sentence.

Good conduct time is awarded based on the laws in effect when the crime was committed.

Inmates who committed their crime before September 1, 1987 are "Pre-70th Legislature" inmates.  These inmates are also known as "65th Legislature" inmates can also earn up to 15 extra days of good time each month.  These extra credits are called "A.B.C." credits.  To get them inmates must complete in program in academic or vocational education or complete an on the job training program in T.D.C.  These extra credits are awarded from the time the program was completed.  Sophus completed a program in academic (GED) in August, 1991.  Sophus completed a vocational education, Barber School (5-18-1995).  Sophus completed On the Job Training (5-6-1997), but has not been credited.

Ground three:  Denial of sentence begin date on consecutive 4 year sentence.

Supporting facts:  Sophus serving a 30 year sentence under cause No. 463354 and a consecutive 4 year sentence in cause No. 8555; Sophus has to become eligible for parole in a series before he can be released on parole.  Sophus became eligible on his first sentence 30 year term under the 1/3 law in 10 years of flat time, Sophus' begin date, November 13, 1986 which entitled him for parole eligible November 19, 1996 (Approx.)  Sophus 4 year sentence consecutive in cause No. 8555 should start applying parole eligible and flat time approx. November 13, 1996.  Sophus maximum expiration date should be approx. November 13, 2000 on the 4 year sentence.

CLIBPDF - www.fastio.com

SOPHUS, CLYDE EUGENE, Petitioner ID #444590                     Page 3

Since Sophus is now mandatory supervision eligible on both of his sentences, he is being denied the correct discharge date. Note: In cause No. 463354 falls under 1/3 law, in cause No. 8555 falls under 1/4 law. Sophus is harmed by the denial of A.B.C. Credits begin date and parole and flat time credits begin date on his 4 year sentence which is causing him to be incarcerated longer than he should be according to mandatory supervision release. Sophus does have a liberty interest in good time and flat time credits.

## RELIEF

Petitioner Sophus should be entitled to be released and entitled to what ever else the court may see petitioner is entitled to.

12. No petition pending in any court, State nor Federal.

13. Were you sentenced on more than one indictment or more than one count of indictment in the same court and at approx. the same time. No.

14. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack? No.

Wherefore, Petitioner Clyde E. Sophus prays that the court grant petitioners relief to which he may be entitled in this proceeding.

_____
Signature / Pro-Se

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___01-20-99___          _____
                Date                       Signature of Petitioner

ClibPDF - www.fastio.com