odismpr.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



| | | |
|---|---|---|
| CLYDE EUGENE SOPHUS,<br>　　　　Petitioner, | §<br>§<br>§<br>§ | |
| v. | § | CIVIL ACTION H-99-265 |
| GARY L. JOHNSON,<br>　　　　Respondent. | §<br>§<br>§<br>§ | |

## ORDER OF DISMISSAL

Clyde Eugene Sophus filed a petition for a writ of habeas corpus challenging his confinement in the Texas Department of Criminal Justice-Institutional Division (TDCJ-ID). Sophus was twice convicted of aggravated robbery in 1987 and sentenced to two concurrent thirty year sentences. He was also convicted of another robbery in 1987 and sentenced to twenty years running concurrently with the two thirty year sentences. In 1989, Sophus was charged with and convicted of possessing a deadly weapon in a penal institution. The state district court in this subsequent case sentenced Sophus to four years in the TDCJ-ID, consecutive to the thirty year sentences.

Sophus does not challenge the validity of the convictions themselves. Instead, he argues that he has been given an incorrect sentence begin date for his possession of a weapon conviction, that there has been a miscalculation on the amount of good time credit that he has earned and that he has been denied a release under mandatory discharge. Consequently, Sophus seeks an order for his release from prison based on his assertion that he is entitled to an early release before the expiration of his sentences.

14

Sophus has contacted the court stating that he is at a new address which indicates that he is no longer in prison. The court has verified by telephone that Sophus was released from TDCJ-ID on December 18, 1999.

Sophus's challenge to the alleged miscalculation of his time credits is mooted by his release because good time credit is relevant only with regard to obtaining an early release from prison under parole or mandatory supervision. TEX. GOV'T. CODE ANN. § 498.003 (a) (Vernon 1999). Should Sophus's parole be revoked again, he would not be entitled to credit for previously accrued good time. TEX. GOV'T. CODE ANN. § 498.004(b) (Vernon 1999); *Hallmark v. Johnson*, 118 F.3d 1073 (5th Cir. 1997). Sophus's claim regarding loss of good time is dismissed because it is moot. *Bailey v. Southerland*, 821 F.2d 277 (5th Cir. 1987); *Vandenberg v. Rodgers*, 801 F.2d 377, 378 (10th Cir. 1986).

The question of mootness is whether the court can grant the petitioner any effective relief. *See Vieux Carre Property Owners, Residents and Associates, Inc. v. Brown*, 948 F.2d 1436, 1445 (5th Cir. 1991). Sophus has attacked only his confinement in TDCJ-ID and has since been released, so the entire petition is now moot. *Lane v. Williams*, 455 U.S. 624, 631 (1982). *See also Johnson v. Riveland*, 855 F.2d 1477 (10th Cir. 1988).

This action is **DISMISSED** as moot.

Signed on February 25, 2002.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE

2